UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eckert/Wordell Architects, Inc., Eckert
Wordell, LLC, and West-Tech Design, Inc.,

                Plaintiffs,

v.                                        Civ. No. 12-968 (RHK/JJG)
                                        **ORDER**

FJM Properties of Willmar, LLC,

                Defendant.

---

This matter is before the Court *sua sponte*.

This action arises out of a contract to design and construct an eye clinic in Willmar, Minnesota (the "Contract") – that much is clear. Beyond that, however, things are significantly more complicated.

The parties to the Contract were Plaintiffs Eckert/Wordell Architects, Inc. and Eckert Wordell, LLC (the project's architect(s)) and "Family Eye Center," which according to the Complaint is "an assumed name . . . of Fischer Laser Eye Center, LLC." (Compl. ¶¶ 6, 8.)[1] Fischer Laser Eye Center, LLC is a Minnesota limited liability company with two members: Dr. Jeffrey Fischer and Family Eye Clinic of Willmar, P.A., which is owned by three physicians (Drs. Mike Nagel, Randy Norris, and Duane Gustafson). (Id. ¶ 8.) Plaintiff West-Tech Design, Inc. ("West-Tech"), a Michigan

---

[1] Although the Complaint alleges that Eckert/Wordell Architects, Inc. and Eckert Wordell, LLC were parties to the Contract (see Compl. ¶ 6), the copy attached to the Complaint uses a different entity's name, Eckert Wordell P.C. (see Compl. Ex. A). All of the various "Eckert Wordell" entities appear related to one another, however, and are referred to generically in the Complaint as "Eckert Wordell."

corporation with its principal place of business in Michigan, was retained to perform mechanical and electrical engineering services on the project. (Id. ¶¶ 3, 14.)

After construction of the clinic was completed, a dispute arose regarding "the design of [its] HVAC system." (Id. ¶ 15.) The Contract contained a clause providing that disputes between the parties would be resolved through arbitration. (Id. ¶ 16 & Ex. A § 7.2.) A demand for arbitration was then filed by the Defendant in this action, FJM Properties of Willmar, LLC ("FJM"). (Id. ¶ 18.) According to the Complaint, FJM "is a Minnesota limited liability company with its principal place of business in" Willmar, Minnesota. (Id. ¶ 4.) It was formed in July 2004 by Family Eye Properties, LLC, which is a Minnesota limited liability company having as members Drs. Fischer, Nagel, and Norris. (Id. ¶¶ 9-10.) The Complaint alleges that at that time, "Family Eye Properties, LLC changed its name to [FJM] and added additional members, including Fischer Laser Eye Center, LLC, and two other entities, Marcus Properties and Willmar ENT Properties, LLC." (Id. ¶ 10.)

Although the Eckert Wordell entities answered the arbitration demand based on a "mistaken" belief that FJM was a party to the Contract, they now assert that is not the case and, as a result, FJM cannot invoke the Contract's arbitration clause. (Id. ¶¶ 21, 26.) Accordingly, they assert that the arbitrator lacks subject-matter jurisdiction over FJM's claim, but has nevertheless refused to dismiss the arbitration. (Id. ¶¶ 26-27.) Eckert/Wordell Architects, Inc., Eckert Wordell, LLC, and West-Tech have therefore commenced the instant action, seeking a "declaratory judgment that FJM is not a party to the Contract, that [they] are not required to participate in arbitration with FJM, . . . and

that the arbitration should be dismissed." (Id. ¶ 28.) They also seek "an injunction and emergency order staying the arbitration pending this Court's determination of this action." (Id.)

Although Plaintiffs have invoked the Declaratory Judgment Act, 28 U.S.C. § 2201, that statute "does not provide an independent basis for federal jurisdiction." Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010). Plaintiffs recognize this and assert, instead, that the Court enjoys diversity jurisdiction over this action under 28 U.S.C. § 1332. (Compl. ¶ 5.) As the parties invoking the Court's jurisdiction, Plaintiffs bear the burden of pleading facts establishing the existence of such jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required them to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). They have failed to do so for several reasons.

As noted above, Eckert Wordell, LLC is a limited liability company, and hence its citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The Complaint, however, states only that this entity is "a Michigan limited liability company" into which Eckert/Wordell Architects, Inc. has been merged. (Compl. ¶ 2.) In other words, the Complaint fails to identify Eckert Wordell, LLC's members or provide their states of citizenship.

A similar problem exists with regard to FJM. The Complaint seems to identify all of FJM's members: Family Eye Properties, LLC, Fischer Laser Eye Center, LLC, and

- 3 -

"two other entities, Marcus Properties and Willmar ENT Properties, LLC." (Compl. ¶ 10.) Some of FJM's members, therefore, are limited-liability companies. But "[i]f the members [of an LLC] are themselves . . . LLCs, . . . their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members . . . there may be." Wright v. JPMorgan Chase Bank, NA, No. 09-cv-482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009); accord, e.g., Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").

The Court simply cannot ascertain the citizenship of FJM's members here. For example, the Complaint alleges that one such member is an entity known as "Marcus Properties." But it provides no further information, leaving the Court to guess whether that entity is a corporation (in which case its citizenship turns on its state(s) of incorporation and principal place of business), a limited-liability company (in which case its citizenship turns on that of its members), a partnership (in which case citizenship turns on that of its partners), or something else altogether. Similarly, Willmar ENT Properties, LLC is identified as a member of FJM, but no information about its members is alleged. And, while Family Laser Eye Center, LLC and Family Eye Properties, LLC (two other FJM members) are alleged to have several doctors as their members, the Complaint provides no information about the citizenship of these individuals.

- 5 -

For these reasons, the Court cannot determine from the face of the Complaint whether diversity jurisdiction exists in this case. Based on the foregoing, **IT IS ORDERED** that Plaintiffs shall redress the deficiencies set forth above on or before May 11, 2012, or the Court will dismiss this action for lack of subject-matter jurisdiction. Plaintiffs are further advised that the Court will not entertain any application for "an injunction and emergency order staying the arbitration" until the jurisdictional defects described above have been rectified.

Date:  April 20, 2012                             s/Richard H. Kyle             
                                                  RICHARD H. KYLE
                                                  United States District Judge