# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Eckert/Wordell Architects, Inc., Eckert
Wordell, LLC, and West-Tech Design, Inc.,

                      Plaintiffs,

v.

FJM Properties of Willmar, LLC,

                      Defendant.

Civ. No. 12-968 (RHK/JJG)

**ORDER**

This matter is before the Court *sua sponte*.

This action arises out of a 2003 contract to design and construct an eye clinic in Willmar, Minnesota (the "Contract"). Plaintiffs Eckert/Wordell Architects, Inc. and Eckert Wordell, LLC (collectively, "Eckert Wordell") were the project's architects, and Plaintiff West-Tech Design, Inc. ("West-Tech") was retained to perform project-related mechanical- and electrical-engineering services. In July 2009, Defendant FJM Properties of Willmar, LLC ("FJM"), invoking a clause in the Contract, commenced an arbitration proceeding against Eckert Wordell due to problems with the clinic's HVAC system. Plaintiffs then commenced the instant action seeking to enjoin that proceeding; they argue generally that FJM was not a party to the Contract and hence cannot invoke its arbitration clause.

By Order dated April 20, 2012 (Doc. No. 2), the Court noted that all of the parties to this case are artificial entities, such as FJM, a limited liability company. The Court further noted that at least some of the members of those entities, including FJM, were

limited liability companies whose citizenship had not been pleaded. Without that information, the Court could not discern from the face of the Complaint whether there existed diversity jurisdiction over this action. Accordingly, it ordered Plaintiffs to file an Amended Complaint on or before May 11, 2012, pleading with specificity the citizenship of the parties. (See id. at 2 (party invoking federal court's jurisdiction must "plead with specificity the citizenship of the parties") (citation omitted).)

Plaintiffs have now filed an Amended Complaint in an attempt to rectify their previous pleading deficiencies, but the Amended Complaint also fails to pass muster. Of particular note, it appears that Plaintiffs have attempted to satisfy their pleading obligations by setting forth the citizenship of several parties "upon information and belief." For example, Plaintiffs assert that FJM has three members, one of which is Marcus Real Estate and Investments, LLC, which "[u]pon information and belief, and based upon Plaintiffs' review of publicly available filings and the representations of counsel for FJM, . . . is a Minnesota limited liability company[,] [t]he members of [which] are Bruce Marcus and Ross Marcus, who are citizens of Minnesota." (Am. Compl. ¶¶ 4, 6.) This will not do.

As the Court previously noted, Plaintiffs bear the burden of pleading, *with specificity*, the facts establishing the existence of diversity jurisdiction. See, e.g., Anderson v. Watts, 138 U.S. 694, 702 (1891) ("[I]t is essential that, in cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be *distinctively and positively averred* in the pleadings.") (emphasis added); Kern v. Standard Oil Co., 228 F.2d 699, 701 (8th Cir.

1956); Osborn & Barr Commc'ns, Inc. v. EMC Corp., Inc., No. 4:08-CV-87, 2008 WL 341664, at *2 (E.D. Mo. Feb. 5, 2008) ("A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively.") (citation omitted). An allegation regarding a party's citizenship based "upon information and belief" will not suffice, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992) (*per curiam*) (only a statement about jurisdiction "made on personal knowledge has any value"; one made "'to the best of my knowledge and belief' is insufficient" to invoke jurisdiction); Carroll v. Gen. Med. Co., 53 F.R.D. 349, 350 (D. Neb. 1971) (allegation of diversity upon information and belief was "clearly improper"), because such an averment is "not an *affirmative* allegation of facts on which the court m[ay] conclude that jurisdiction prevails," Gillespie v. Shoemaker, 191 F. Supp. 8, 10 (E.D. Ky. 1961) (emphasis added); accord, e.g., Crumer v. Target Corp., Civ. No. 07-836, 2007 WL 4373950, at *2 (S.D. Ill. Dec. 14, 2007) (the required "distinctiveness and positiveness [of jurisdictional allegations] are lacking when . . . allegations of citizenship are couched in evasive language such as 'upon information and belief.' When made in that manner, said allegations do not constitute the affirmative pleading of fact on which the Court must conclude that jurisdiction prevails.") (quoting Baker v. Murphy, 495 F. Supp. 462, 465 (D.P.R. 1980)). As in United States v. Pinkard Construction Co., Civ. No. 09-491, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009), the Court construes the Amended Complaint's jurisdictional allegations to mean that Plaintiffs "have no affirmative knowledge [regarding] diversity. [Their] unsupported conjecture does not confer subject-matter jurisdiction over this case."

The Court wishes to make clear that it is not looking to ensnare Plaintiffs in a technical mousetrap.  Rather, federal courts are of limited jurisdiction, and in the absence of such jurisdiction in this case, the Court cannot proceed.  E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (without jurisdiction, "the only function remaining to the court is that of announcing the [same] and dismissing the cause") (citation omitted).[1]  It is far better to learn now whether the requisite diversity exists.  Were the Court to "proceed without establishing the citizenship of the parties, it would run the risk that a later revelation – perhaps after pre-trial matters, trial, and even entry of judgment – would demonstrate that complete diversity . . . is lacking.  At that point, the case would be dismissed and all orders vacated." Pinkard Constr., 2009 WL 2338116, at *3.  This is no illusory concern.  See, e.g., Kessler v. Nat'l Enters., Inc., 347 F.3d 1076 (8th Cir. 2003) (case removed to federal court that previously had been appealed to Eighth Circuit three times remanded with directions to remand to state court for lack of jurisdiction); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760 (8th Cir. 2001) (even though plaintiff voluntarily dismissed action, judgment of dismissal vacated and case remanded with instructions to remand to state court because diversity was lacking); Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794 (8th Cir. 1998) (vacating judgment entered following jury trial and remanding with instructions to dismiss for lack of subject-matter jurisdiction).

Although Plaintiffs "should have ascertained jurisdiction before choosing to bring an action in federal court" and, hence, should have been in a position to adequately plead

---

[1] Plaintiffs, of course, could have commenced this action in state court.

the existence of diversity jurisdiction from the outset, J&B Realty Assocs., LLC v. HH&P Mfg., LLC, Civ. A. No. 11-2885, 2011 WL 2039114, at *2 (D.N.J. May 23, 2011); see also Fed. R. Civ. P. 11, the Court will afford them one final opportunity to "distinctively and positively" aver the citizenship of the parties in a further Amended Complaint. Anderson, 138 U.S. at 702. Before doing so, however, they should satisfy themselves that the parties are indeed diverse and, if that is the case, *affirmatively* and *expressly* allege the facts supporting that conclusion in their new Amended Complaint.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs shall serve and file a further Amended Complaint on or before May 25, 2012, affirmatively alleging facts demonstrating the existence of diversity jurisdiction over this case. Plaintiffs are reminded that "an allegation based upon information and belief, an assertion that is not specific (*e.g.*, citizen of 'a state other than Wisconsin'), or a request for time to discern jurisdiction will result" in dismissal of this case. J&B Realty Assocs., 2011 WL 2039114, at *2.

Date: May 15, 2012                                    s/Richard H. Kyle
                                                                           RICHARD H. KYLE
                                                                           United States District Judge