UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eckert/Wordell Architects, Inc., Eckert
Wordell, LLC, and West-Tech Design, Inc.,

        Plaintiffs,

                Civ. No. 12-968 (RHK/JJG)
v.                **ORDER**

FJM Properties of Willmar, LLC,

        Defendant.

---

  This matter is before the Court *sua sponte*.

  The Plaintiffs in this action seek a declaration that they are not obligated to arbitrate a dispute arising out of a 2003 contract to build an eye clinic in Willmar, Minnesota. Their principal contention is that the entity demanding arbitration, Defendant FJM Properties of Willmar, LLC ("FJM"), was not a party to the contract containing the arbitration provision.

  Prior to their initial pretrial conference, the parties jointly submitted a Report under Federal Rule of Civil Procedure 26(f) in which they requested a settlement conference be scheduled "before dispositive motions are heard." (Doc. No. 12 at 5.) Shortly thereafter, and apparently before any discovery had been completed, FJM moved for summary judgment, noticing its Motion for a hearing on November 6, 2012. Plaintiffs responded by arguing, among other things, that they needed discovery in order to respond to the Motion. (See Doc. No. 23 at 21.) In light of the parties' request for an early settlement conference, however, the Court thought it best to continue briefing on

the summary judgment Motion *sine die* and refer this matter to Magistrate Judge Graham to conduct a settlement conference.  (See Doc. No. 25.)

The parties participated in a settlement conference with Magistrate Judge Graham on January 23, 2013.  Although the conference did not result in a settlement, progress apparently was made, and the parties continue to negotiate toward an agreed-upon resolution.  (See Doc. No. 34.)  In order to afford them additional time to resolve this case, the Magistrate Judge extended the discovery period by an additional 30 days.  (See id.)  She also advised them, however, to "plan ahead regarding potential deposition dates in case the parties are unable to reach a resolution."  (Id.)

In light of the foregoing, the Court believes that FJM's still-pending Motion for Summary Judgment (Doc. No. 15) should be, and hereby is, **DENIED WITHOUT PREJUDICE** at this time.  The Court hopes that the parties will be able to reach an amicable resolution of this case.  In the event they cannot do so, however, FJM's Motion for Summary Judgment may be re-filed after necessary discovery has been completed.

Date:  January 28, 2013							s/Richard H. Kyle
									RICHARD H. KYLE
									United States District Judge